IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

PAULA M. SEWARD,                )
                                )
    Plaintiff,                 )
                                )
v.                              )    Case No.  CIV-12-946-L
                                )
CAROLYN W. COLVIN,[1]           )
Commissioner, Social Security   )
Administration,                 )
                                )
    Defendant.                 )

## REPORT AND RECOMMENDATION

Paula Seward ("Plaintiff") has brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of Defendant Commissioner's final decision denying Plaintiff's applications for disability insurance benefits and supplemental security income payments under the Social Security Act. United States District Court Judge Tim Leonard referred the matter for proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (b)(3) and it is now before the undersigned Magistrate Judge. Upon review of the pleadings, the administrative record ("AR") and the parties' briefs, the undersigned recommends that the Commissioner's decision be reversed and the matter

---

[1] Effective February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of Social Security. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin is substituted for Michael J. Astrue as Defendant in this action.

remanded for further proceedings.

## I. Administrative proceedings.

Plaintiff filed applications for disability insurance benefits and supplement security income payments in August 2009, alleging a disability based on "scoliosis" and "wrist injury." AR 124-30, 143. Plaintiff's claims were denied and, at her request, an Administrative Law Judge ("ALJ") conducted an April 2011 hearing. *Id.* at 27-61. In his May 2011 decision, the ALJ found Plaintiff has the residual functional capacity ("RFC")[2] for less than a full range of sedentary work but can perform work existing in the national economy and, accordingly, is not disabled within the meaning of the Social Security Act. *Id.* at 19-22. The Appeals Council of the Social Security Administration declined Plaintiff's request for review. *Id.* at 1-4. Plaintiff, through counsel, has sought review of the Commissioner's final decision in this Court. Doc. 1.

## II. The ALJ's findings.

The ALJ found that Plaintiff meets the insured status requirements through December 2014, has not engaged in substantial gainful activity since July 2009, and has severe "scoliosis and degenerative disk disease of the lumbar spine, diabetes mellitus with no end organ damage, and obesity." *Id.* at 17.

---

[2] Residual functional capacity "is the most [a claimant] can still do despite [a claimant's] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

These determinations are not challenged on appeal.

The ALJ then purported to review the medical evidence and concluded that Plaintiff has the RFC to:

> lift/carry or push/pull no more than 10 pounds occasionally or less than 10 pounds frequently. In an 8-hour workday, she can stand/walk for 2 hours and sit for a total of 6 hours. Climbing stairs, ladders, ropes, or scaffolds is occasional. Also occasional are balancing, bending/stooping, kneeling, crouching and crawling.

*Id.* at 19. The ALJ found that with this RFC, Plaintiff can perform work as an order clerk, machine operator, and assembler and is not disabled within the meaning of the Social Security Act. *Id.* at 22.

### III. Standard of review.

This Court is limited in its review of the Commissioner's final decision to a determination of whether the ALJ's "factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Wilson v. Astrue,* 602 F.3d 1136, 1140 (10th Cir. 2010).

### IV. Determination of disability.

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Commissioner applies a five-step inquiry

to determine whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520(b)-(f), 416.920(b)-(f); *see also Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (describing five steps in detail). Under this sequential procedure, Plaintiff bears the initial burden of proving she has one or more severe impairments. *See* 20 C.F.R. §§ 404.1512, 416.912; *Turner v. Heckler*, 754 F.2d 326, 328 (10th Cir. 1985). Then, if Plaintiff makes a prima facie showing that she can no longer engage in prior work activity, the burden of proof shifts to the Commissioner to show Plaintiff retains the capacity to perform a different type of work and that such a specific type of job exists in the national economy. *See Turner*, 754 F.2d at 328; *Channel v. Heckler,* 747 F.2d 577, 579 (10th Cir. 1984).

## V. Plaintiff's claims of error.

While Plaintiff presents multiple claims of error on judicial review, remand is recommended for the reason that the ALJ failed to give proper consideration to the treatment notes and opinion of Plaintiff's nurse practitioner, Carrie Geurts. Accordingly, the undersigned will not address Plaintiff's remaining claims. *See Watkins v. Barnhart*, 350 F. 3d 1297, 1299 (10th Cir. 2003) ("We will not reach the remaining issues raised by appellant because they may be affected by the ALJ's treatment of this case on remand.").

## VI. Analysis.

The medical record establishes that Plaintiff has almost exclusively

received medical treatment from Carrie Geurts, an Advanced Registered Nurse Practitioner ("ARNP") at the Mary Mahoney Health Center. AR 213-235. ARNP Guerts completed a "Treating Source Statement" wherein she opined in relevant part that Plaintiff can stand and/or walk "less than 2 hrs" in an 8-hour workday and can only sit "less than 2 hrs" in an 8-hour workday. *Id.* at 227. For medical findings in support of her opinion, the nurse practitioner listed Plaintiff's "moderate severity scoliosis" and "chronic back pain." *Id.* Physician Dr. Rosemary Ayitey co-signed ARNP Guerts' medical opinion. *Id.* at 228. The medical record also contains at least six of ARNP Guerts' treatment notes.

Arguing legal error, Plaintiff seeks remand on grounds that the ALJ: (1) "did not address [ARNP] Geurts' and Dr. Ayitey's opinion of Plaintiff's limitations in functioning;" (2) failed to consider the nurse practitioner's opinion under SSR 06-3p; and, (3) did not mention "Plaintiff's treatment notes from the Mary Mahoney Health Center." Doc. 15, at 3, 9. The undersigned agrees and finds reversible error.

### A. The ALJ's failure to properly consider the nurse practitioner's treatment notes and opinions.

The ALJ mentioned ARNP Geurts' treatment notes only once and only while finding that Plaintiff did not have a "severe" impairment involving lupus. On that issue the ALJ stated: "being a nurse practitioner, ARNP Geurts is not

5

an acceptable medical source." *Id*. at 18. Thereafter, in his assessment of the medical evidence and Plaintiff's RFC, the ALJ did not reference any of ARNP Geurts' relevant treatment notes,[3] nor did he mention ARNP Geurts' functional limitation opinion, which Dr. Ayitey approved. *Id*. at 19-21. The ALJ gave no explanation for his failure to consider the evidence. However, in concluding his RFC assessment, the ALJ found that "Dr. Burke and Dr. Olech Ewa are the only acceptable medical sources who directly interacted with the claimant." *Id*. at 21. Based on that statement, it appears that the ALJ completely disregarded ARNP Geurts' opinion and all of her treatment notes, without discussion, simply because she is not an acceptable medical source as defined in the Social Security regulations. This was legal error.

The Social Security Administration has acknowledged that an increasing number of claimants are receiving treatment from medical sources who are not considered to be acceptable medical sources under its rules. The agency has noted:

> With the growth of managed health care in recent years and the emphasis on containing medical costs, medical sources who are not "acceptable medical sources," such as nurse practitioners, physician assistants, and licensed clinical social workers, have increasingly assumed a greater percentage of the treatment and

---

[3]  The ALJ did pull one sentence from ARNP Geurts' treatment notes, finding that Plaintiff had been "counseled about avoiding fatty foods, increasing her fiber intake, and exercising regularly." *Id*. at 20 (citing Exhibit 5F, at 3).

evaluation functions previously handled primarily by physicians and psychologists. Opinions from these medical sources, who are not technically deemed "acceptable medical sources" under our rules, are important and should be evaluated on key issues such as impairment severity and functional effects, along with other relevant evidence in the file.

SSR 06-03p, 2006 WL 2329939, at *3.

Thus, despite the fact that ARNP Geurts is not an acceptable medical source, the ALJ was required to consider the evidence which she provided. Indeed, the agency has explained:

> [W]e consider all relevant evidence in the case record when we make a determination or decision about whether the individual is disabled. Evidence includes, but is not limited to, opinion evidence from "acceptable medical sources," medical sources who are not "acceptable medical sources," and "non-medical sources" who have seen the individual in their professional capacity. The weight to which such evidence may be entitled will vary according to the particular facts of the case, the source of the opinion, including that source's qualifications, the issue(s) that the opinion is about, and many other factors, as described below.

*Id.* at *4. These factors include the length and frequency of the claimant's relationship with the source, the evidentiary support for the opinion, the source's explanation of the opinion, and the source's specialty or expertise. *Id.*

Underscoring the requirement that all medical source opinion evidence must be addressed, the Ruling states:

> Since there is a requirement to consider all relevant evidence in an individual's case record, the case record should reflect the consideration of opinions from medical sources who are not

> "acceptable medical sources" and from "non-medical sources" who have seen the claimant in their professional capacity. Although there is a distinction between what the adjudicator must consider and what the adjudicator must explain in the disability determination or decision, the adjudicator generally should explain the weight given to opinions from these "other sources," or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case.

*Id.* at *6.

Thus, under SSR 06-3p the ALJ was not entitled to ignore ARNP Geurts' opinion evidence and treatment notes simply because she is not an acceptable medical source and his lack of consideration of the relevant factors is reversible error. *See Frantz v. Astrue*, 509 F.3d 1299, 1302 (10th Cir. 2007).

The Commissioner disagrees, citing various reasons why the ALJ *might* have given ARNP Geurts' notes and opinion no weight *if* he had engaged in the proper analysis. Doc. 17, at 15-18. However, as in *Frantz*, the Commissioner's argument is a "post hoc effort to salvage the ALJ's decision" and "would require us to overstep our institutional role and usurp essential functions committed in the first instance to the administrative process." 509 F.3d at 1302 ("The Commissioner's post hoc argument supplying possible reasons for the ALJ's seeming rejection of [the nurse practitioner's] opinions is unavailing.").[4]

---

[4] Although the undersigned generally declines to engage in post hoc arguments, one of the Commissioner's comments is worth addressing. The

In sum, the ALJ failed to engage in any meaningful consideration of ARNP Geurts' treatment notes or opinions under SSR 06-3p. And, this failure is particularly troubling because ARNP Geurts was almost exclusively Plaintiff's only health care provider, she provided a basis for her findings, and her opinion would undermine the RFC findings and thus could have an effect on the outcome of the case. Accordingly, remand is required.

## VII. Recommendation and notice of right to object.

The ALJ's failure to consider ARNP Geurts' treatment notes and opinion was reversible error. Accordingly, it is recommended that the Commissioner's decision be reversed and the matter remanded for further proceedings.

The parties are advised of their right to object to this Report and Recommendation by the 5th day of June, 2013, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The parties are further advised that failure to make

---

Commissioner argues in part that the findings of other acceptable medical sources contradict the nurse practitioner's opinion involving Plaintiff's functional limitations. Doc. 17, at 17. But Dr. Jim Burke found that Plaintiff had "pain" and was "unable to achieve full [range of motion ("ROM")] in active motion." AR 198. The physician also noted that "ROM of the axial spine is limited as noted and pt complains of significant subjective discomfort. [Straight leg raising] testing is positive bilaterally in the seated and supine positions. Toe and heel walking are weak bilaterally." *Id.*; *see also id.* at 203.

This medical evidence could arguably support ARNP Geurts' opinion that Plaintiff can sit and/or walk continuously for less than 2 hours in an 8-hour workday.

9

timely objection to this Report and Recommendation waives their right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the Magistrate Judge in this matter.

ENTERED this 15th day of May, 2013.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE